LATHAM & WATKINS LLP
　　John D. Minton (Bar No. 223823)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: john.minton@lw.com

Attorneys for Defendant
MICHAEL ZACCARO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHARMACEUTICAL INVENTORIES, INC. d/b/a PHARMACEUTICAL RETURNS SERVICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ZACCARO and RETURNS R US INC. d/b/a PHARMA LOGISTICS, LTD.,<br><br>　　　　Defendants. | CASE NO. C07-05063 PVT<br><br>**DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　　November 6, 2007<br>Time:　　　　1:00 p.m.<br>Courtroom:　3, 3rd Floor<br>Judge:　　　Hon. Saundra Brown Armstrong |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

<u>**NOTICE OF MOTION AND MOTION**</u>

PLEASE TAKE NOTICE THAT, on November 6, 2007, at 1:00 p.m., at 1301 Clay Street, Suite 400, Oakland, California, defendant Michael Zaccaro ("Zaccaro") will and hereby does move for an order under Rule 45(c)(2)(B) compelling third party EXP Pharmaceutical Services Corp. ("EXP") to produce documents relevant to this case and requiring EXP to designate a witness for deposition who can verify that the documents it produces are genuine business records of the company.

This motion is based on the below memorandum of points and authorities, the papers and evidence submitted therewith, any further papers submitted in this matter, all pleadings and papers in the Court's files, any matters properly the subject of judicial notice and any other matters that the Court may properly choose to consider.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

On or about July 13, 2007, defendant Michael Zaccaro served a subpoena (the "Subpoena") upon EXP, a non-party in the underlying action pending in the United States District Court for the Northern District of Illinois. *See* accompanying Declaration of John D. Minton ("Minton Decl."), Exhibit A. In the Subpoena, EXP was directed to produce certain documents and designate a witness to testify regarding the authenticity of the documents it produced.

The parties' counsel have since engaged in substantial meet and confer discussions in an effort to resolve the issues raised by the Subpoena. Minton Decl., ¶ 6. While EXP produced one of the two categories of documents that Zaccaro requested with respect to his Subpoena as modified by discussions with counsel, EXP refused to produce the second category of documents. *Id.* In particular, EXP produced representative samples of reports that its pharmaceutical processing software generates, but refused to produce representative screen prints of that software in operation. *Id.*

As set forth below, the Court should issue an order pursuant to F.R.C.P. 45(c)(2)(B) compelling EXP to produce the documents requested in the Subpoena as modified through the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION
TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP
PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  discussion of counsel and further produce a witness for deposition to authenticate the documents
2  produced in response to the modified Subpoena.

## II. JURISDICTIONAL STATEMENT [L.R. 3-5]

### A. Jurisdiction

This is an action alleging, *inter alia*, copyright infringement under 17 U.S.C. §§ 101 *et seq.* and trade secret misappropriation under the Illinois Trade Secrets Act. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

### B. Intradistrict Assignment

Assignment to this district is proper pursuant to L.R. 3-2(d) as the dispute at issue in the Motion arises in Alameda county, where EXP is headquartered.

## III. LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The matter is relevant when it seeks admissible evidence or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* This same relevancy standard applies to third-party subpoenas. *See, e.g., Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-680 (N.D. Cal. 2006).

Rule 45(c)(2)(B) of the Federal Rule of Civil Procedure provides that in the event a party served with a subpoena objects to the production, the party who served the subpoena may, "upon notice to the person commanded to produce, move at any time for an order to compel the production . . . ."

## IV. ARGUMENT

In the United States District Court for the Northern District of Illinois, Plaintiff Pharmaceutical Inventories, Inc., d/b/a Pharmaceutical Returns Service ("PRS") has asserted claims of copyright infringement and trade secret misappropriation against Michael Zaccaro ("Zaccaro"), a former employee of Pharmaceutical Inventories. Minton Decl., Ex. B. In its complaint in that action, PRS claims that, in 1996, Zaccaro took various trade secrets of PRS in violation of the Illinois Trade Secrets Act and is now using those trade secrets through his pharmaceutical returns processing company, Returns R Us Incorporated d/b/a Pharma Logistics,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Ltd. ("Pharma Logistics"). *Id.*

The alleged "trade secrets" identified by PRS during fact discovery in the underlying litigation are nothing more than the services and functionality that PRS and other competitors within the pharmaceutical returns processing industry have been offering to their customers for many years – including the services and functionality offered by companies within this industry before PRS allegedly developed the trade secrets at issue. To prove this fact, Zaccaro has served subpoenas on the primary companies offering automated pharmaceutical returns processing services to obtain, *inter alia*, representative screen prints from their processing software and reports generated through the use of their processing software so that such documents may be used at the trial in the underlying case by Zaccaro's counsel. The documents requested from these third parties are critical to Zaccaro's ability to demonstrate that PRS's trade secret claim has no merit. Indeed, these documents are directly relevant to show that the various services and functionality claimed by PRS to be trade secrets are not considered trade secrets under Illinois law because they are within the realm of general skills and knowledge in the industry. *See Web Communications Group, Inc. v. Gateway 2000, Inc.*, 889 F.Supp. 316, 319 (N.D. Ill. 1995) (citing *Service Centers of Chicago, Inc. v. Minogue*, 535 N.E.2d 1132, 1137 (Ill. App. 1989)).

Zaccaro has served the Subpoena on EXP so that it can use a limited set of EXP's documents to show that PRS's claimed trade secret does not so qualify under Illinois law. Illinois law defines a trade secret as follows:

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to create economic value, actual or potential, ***from not being generally known to other persons who can obtain economic value from its disclosure or use***; and (2) it is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d) (emphasis supplied). In this case, the documents requested will prove that the information is "generally known to other persons who can obtain economic value from its disclosure or use." These documents will show that the claimed ideas do not qualify as trade secrets under Illinois law, but instead are commonly used by competitors throughout the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

pharmaceutical returns processing industry to automatically process pharmaceutical returns. In this case, EXP is a perfect example of a "person" who can (and does) obtain economic value from their use.

### A. The Scope of the Request is Sufficiently Narrow.

Based on discussions with counsel for EXP, Zaccaro has limited his Subpoena to merely seek *representative* screen shots to show how EXP processes a return automatically.[1] Zaccaro is no longer seeking documents from the last 11 years – even though such documents are relevant to PRS's claim of trade secret misappropriation as of 1996. Zaccaro is also seeking only those documents that EXP can produce and verify as being genuine business records of EXP. These are documents that Zaccaro could not obtain from any other source.

Zaccaro is not seeking EXP's "crown jewels." In particular, EXP will retain all of its design documentation and source code for its program if ordered to respond to the subpoena as modified. Essentially, EXP will not have to produce any of its copyright-protected detail – the source code itself – or the trade secret information – the overall system design. Instead, it is merely showing how it processes a return through screen prints for its software. Such a production is not that burdensome, particularly given the rigid protections of the current protective order.

Again, the documents sought through this more narrow request are critical. PRS has claimed that the screen shots and reports from Pharma Logistics software proves that Zaccaro misappropriated PRS's trade secrets. However, the screen shots and reports from competitors like EXP will prove that PRS's and Pharma Logistics' screen shots and reports are generally not unique, but instead incorporate many of the same elements that every software program in the pharmaceutical returns processing industry incorporates.

EXP's documents will prove that PRS's claimed trade secrets are anything but trade secrets under Illinois law. Indeed, EXP's documents will show that these claimed trade secrets

---

[1] The screen shots requested by Zaccaro relate specifically to the alleged trade secrets of PRS. Zaccaro's outside counsel essentially wants the ability to show the jury what a person processing a return for EXP would see when he or she is entering the return and preparing to print reports for EXP's customers. A list of these specific functions is provided at Exhibit C to the Minton Declaration filed herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

must be made available for use by any of the companies providing automatic returns processing services so that they can compete effectively. Moreover, these documents will also help show that customers using pharmaceutical returns processing companies' services – namely, the pharmacies and hospitals – need those companies to provide the functionality and services that the plaintiff in the underlying case alleges to be trade secrets so that those companies can effectively process their pharmaceutical returns.

### B. The Protective Order Entered by the District Court Protects EXP's Alleged Proprietary Interest in the Requested Documents.

EXP has claimed that the information sought by Zaccaro includes EXP's own proprietary trade secrets and that production of the documents at issue under the current terms of the protective order would put EXP's trade secrets at risk. Zaccaro has not contested that the overall screen prints concerning EXP software in operation may be a trade secret – as compared to the common fields, ideas and functions shown within that software and other software used in the industry. To the contrary, Zaccaro has expressly acknowledged that EXP can designate the information it produces as HIGHLY CONFIDENTIAL: OUTSIDE ATTORNEYS' EYES ONLY under the current protective order issued by the United States District Court for the Northern District of Illinois. A copy of this order is attached to the Minton Declaration as Exhibit D.

The protective order includes a very rigid non-disclosure requirement for such documents and includes an OUTSIDE ATTORNEYS' EYES ONLY component, whereby neither of the competitor parties in this case will ever be able to see the information of the third party competitor, but instead will need to rely upon its outside attorneys and experts. Under that order, even outside experts given access to this information have to confirm that they will not use this information for any purpose other than to support counsel in the litigation and agree that they will not work in the pharmaceutical returns processing business for the life of the case and for one year thereafter. Again, even after that period expires, any outside expert who is given access to this information could not use it for any purpose whatsoever, including to assist a competitor in this business.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### C. Zaccaro Further Requests a Custodian of Records Deposition For the Purposes of Authenticating Documents.

Because the plaintiff in the underlying case has refused to stipulate regarding the genuine business record nature of the documents produced by third parties like EXP, Zaccaro's counsel will also need to take a very brief deposition of a custodian of record from EXP to establish that any documents EXP produces are genuine business records of the company. Zaccaro's counsel will take this deposition by telephone and will even offer to send the court reporter to EXP's office or any other office of EXP's choosing to minimize the interruption caused by such deposition. To date, all of the third party custodian of record depositions taken in the case have taken less than a half hour to complete.

## V. CONCLUSION

For each of the foregoing reasons, Zaccaro respectfully requests that the Court grant Zaccaro's motion to compel and require EXP to produce current representative samples of screen prints from the current version of EXP's pharmaceutical returns processing software. Zaccaro further requests that the Court order EXP to designate a witness for deposition who can verify that the documents it produces are genuine business records of the company.

Dated: October 1, 2007

Respectfully submitted,

LATHAM & WATKINS LLP

By: _____
John D. Minton

Attorneys for Defendant MICHAEL ZACCARO

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

DEFENDANT MICHAEL ZACCARO'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.; MEMO OF POINTS AND AUTHORITIES IN SUPPORT THEREOF