1  PAUL I. MYERS III, Bar No. 72067
   ALEXANDER P. MYERS, Bar No. 136370
2  MYERS, HAWLEY, MORLEY, MYERS & McDONNELL
3  166 Main Street
   Los Altos, California 94022-2905
4  Telephone: (650) 948-1600
   Fax: (650) 949-3581
5  e-mail: chicolaw@att.net

6  Attorney for Third Party Respondent
7  EXP PHARMACEUTICAL SERVICES CORP.

**FILED**

OCT 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
DISTRICT OF CALIFORNIA
OAKLAND

8            **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                   **OAKLAND DIVISION**

11

12  PHARMACEUTICAL INVENTORIES,        )  Case No. CV-07-80231-MSC SBA
    INC. d/b/a PHARMACEUTICAL          )
13  RETURNS SERVICE,                   )  **DECLARATION OF PAUL I. MYERS**
                                       )  **III IN SUPPORT OF OPPOSITION OF**
14                                     )  **EXP PHARMACEUTICAL SERVICES**
              Plaintiff,               )  **CORP. TO MOTION TO COMPEL**
15                                     )  **PRODUCTION OF DOCUMENTS**
16  vs.                                )
                                       )
17  MICHAEL ZACCARO and RETURNS R.     )
    US, INC. d/b/a/ PHARMA LOGISTICS,  )  Date:      November 6, 2007
18  LTD.,                              )  Time:      1:00 p.m.
                                       )  Courtroom: 3, 3rd Floor
19            Defendants.              )  Judge:     Hon. Saundra Brown Armstrong
                                       )
20  _____   )

21

22      I, Paul I. Myers III, declare as follows:

23      1.    At all times herein mentioned I have served as one of the attorneys for EXP

24  PHARMACEUTICAL SERVICES, CORP. ("EXP"), a California corporation with its principal

25  place of business in the City of Fremont, County of Alameda, California. I am competent to testify

26  as to the matters set forth herein. The matters set forth herein are based upon my personal

27

28

knowledge. I am also referred to as "Chico Myers", and that reference will appear in documents produced with this Declaration.

2.    I am in receipt of Defendant Michael Zaccaro's (hereinafter "Zaccaro") Subpoena for records of EXP. I am advised that Zaccaro's attorneys also represent Defendant Returns R Us, d/b/a Pharma Logistics Ltd. ("Pharma Logistics"), which was founded by Zaccaro, and added as a Defendant in the First Amended Complaint (Exhibit A). Zaccaro and Pharma Logistics are referred to herein collectively as Defendants. We are informed and believe that, although the Subpoena, and the Motion to Compel, were issued under the name of Defendant Zaccaro, that, in fact, the Subpoena and Motion were issued on behalf of both Defendants.

3.    Attached hereto as Exhibit A is a copy of the First Amended Complaint filed in the above-entitled proceeding by Plaintiff, Pharmaceutical Returns.

4.    Attached hereto as Exhibit B is a copy of the Answer of Michael Zaccaro, defendant and moving party herein, to the Second Amended Complaint.

5.    Attached hereto as Exhibit C is a copy of the materials received from counsel for Zaccaro, including the following documents:

   a.    Exhibit C-1 is the letter, dated July 13, 2007, from Matthew C. Walch, Esq., Latham and Watkins, Chicago, attorney for Defendants. This letter covers the enclosed subpoena and other materials.

   b.    Exhibit C-2 is Exhibit A to the Subpoena Duces Tecum.

   c.    Exhibit C-3 is Subpoena In A Civil Case.

   d.    Exhibit C-4 is a copy of the Restricting Order issued on September 27, 2006.

6.    Following the receipt of the Subpoena and other materials attached as Exhibit C to this Declaration, the undersigned engaged in several conversations with Matthew C. Walch, counsel for Defendants, in an effort to properly respond to the Subpoena, and narrow its scope.

7.    On July 26, 2007, EXP, through this office, and pursuant to Fed.R.Civ.P. 45(c)(2)(B), submitted its response to the Subpoena. A copy of this response is attached as Exhibit D to this Declaration. It should be noted that, although EXP objected to the Subpoena, in an effort to accommodate that portion of the Subpoena which requested information that was not protected and which EXP could reasonably be expected to provide, EXP produced eleven reports, which are the product of its software, and which are circulated among its customers. These reports are attached to the response of EXP (Exhibit D, hereto). As indicated, it is expected that these reports were generally available to Zaccaro without the necessity of a subpoena, and this fact was confirmed by counsel for Defendants.

8.    In response to the EXP objection and information sent July 26, 2007, Zaccaro's counsel limited the scope of the inquiry. Attached as Exhibit E to this Declaration is an e-mail to the undersigned, dated August 6, 2007, with an attachment seeking 12 "Sample Screen Prints." This list of Screen Prints is attached as Exhibit F to this Declaration.

9.    Based upon the nature of the information requested, and based upon the fact that the information disclosed by the Screen Prints, if produced by EXP would disclose proprietary information and trade secrets of EXP, the undersigned informed Mr. Walch that EXP would be unable to respond to the amended document request of Zaccaro.

10.    As noted above, Defendants have sent similar Subpoenas to several other companies and persons involved in the pharmaceutical product reverse distribution industry. I am advised that several of these entities have produced documents to Defendants in response to the subpoenas. In

1   fact, as noted EXP has also produced sample reports to Defendants. The undersigned is informed as

2   to the nature of documents and information produced by others in response to the subpoenas. We

3   believe that Defendants should produce for the review of this Court, a description of all documents

4
    and other material received from all recipients of the subpoenas, including Screen Prints, and that
5
6   this Court should determine whether the issues raised in support of the subpoenas have been

7   resolved prior to reference to any documents or information to be produced by EXP.

8       I declare under penalty of perjury under the laws of the State of California that the foregoing

9   is true and correct and that this declaration was executed on October 15, 2007, at Los Altos,

10  California.

11

12

13
    _____
14  Paul I. Myers III
    Attorney for
15  EXP Pharmaceutical Services Corp.

16

17

18

19

20

21

22

23

24

25

26

27

28