# Myers, Hawley, Morley, Myers & McDonnell
**An Association of Attorneys**
166 Main Street
Los Altos, California  94022-2905
TELEPHONE: 650-948-1600 -- FACSIMILE: 650-949-3581
E-Mail: *chicolaw@att.net*
January 4, 2008

Hon. Maria-Elena James
Magistrate Judge
United States District Court
For the Northern District of California
1301 Clay Street, 400 South
Oakland, CA 94612-5212

      Re:    Pharmaceutical Inventories, Inc. v. Michael Zaccaro, et al.
             Case No. 05 6483 (ND Ill.)
             United States District Court Number 07-MC-80231 SBA (MEJ)

Dear Magistrate Judge James:

      This letter is submitted in response to your Notice of Reference, dated October 16, 2007, and your Standing Order requiring counsel to meet and confer, in person, and attempt a negotiated resolution of the discovery dispute that was presented as a Motion to Compel Production of Documents from Third Party EXP Pharmaceutical Services Corp.

      The undersigned attorney, John Minton, represents Michael Zaccaro, defendant and requesting party, and the undersigned attorney, Paul I. Myers III, represents third party, EXP Pharmaceutical Services, Corp. ("EXP").

      A meet and confer session was held by counsel on December 3, 2007, and the following resolution has been agreed to.  Please be advised, as follows:

      1.     The initial discovery request relates to litigation in which Michael Zaccaro, and his company Pharma Logistics, are defendants.  That action is pending in the United States District Court for the Northern District of Illinois, as referenced above.  As part of ongoing discovery in that case, Defendant Zaccaro served a Subpoena Duces Tecum on EXP, which is not a party to the Illinois proceeding.

      3.     In response to the Subpoena Duces Tecum, and pursuant to FRCP 45(c)(2)(B), EXP served a written objection to the Supoena on Matthew Walch, counsel for Defendant Zaccaro.  In addition to the objection, EXP also provided Zaccaro with certain reports produced from the EXP business software.  Otherwise, as to additional requests, EXP objected to the production of additional materials.

   4. Thereafter, Defendant Zaccaro sought certain Screen Images from EXP, and EXP objected to the production of these records.

   5. On October 1, 2007, Defendant Zaccaro filed a Motion to Compel, and on October 16, 2007, EXP filed its response.

   6. After further discussion, the parties have agreed to a resolution of the issues raised in the Subpoena Duces Tecum, as follows:

    a. EXP will submit to Defendant Zaccaro a declaration from Gus J. Changaris, CEO of EXP, that describes the 12 categories of screen prints sought by Defendant Zaccaro and indicates how EXP's software system fulfills the general functionality identified in those categories, as applicable. The declaration shall be in substantially the same form as the unsigned declaration provided to counsel for Zaccaro on November 20, 2007.

    b. Further, EXP will produce, at a time and place agreed to by the parties, Mr. Changaris for the purpose of examining and deposing him, under oath, on the matters set forth in his Declaration, and to authenticate reports previously provided to Defendant Zaccaro.

    c. The Declaration of Mr. Changaris will be marked "HIGHLY CONFIDENTIAL, ATTORNEY'S EYES ONLY, CONFIDENTIAL INFORMATION OF THIRD PARTY EXP PHARMACEUTICAL SERVICES, CORP." pursuant to a Restricting Order issued in the primary proceeding (Northern District of Illinois).

    d. In exchange for the Declaration, and the deposition described above, Defendant Zaccaro will withdraw his demand to inspect EXP computer screen prints, and will consider that the Subpoena Duces Tecum will have been complied with by EXP in all respects.

    e. Defendant Zaccaro has offered to EXP the protection of the Restricting Order issued in the case in Illinois. Defendant Zaccaro and EXP have agreed to apply the Restricting Order with the following modifications:

     1. Any party seeking to disclose information that EXP designates "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY ("EXP's Confidential Information") to an independent consultant or expert is required to disclose to EXP the identity of the independent consultant or expert to whom the information is being disclosed;

     2. EXP shall be given a copy of the Restricting Agreement signed by any independent consultant or expert that receives EXP's Confidential Information;

3. The identity of the independent consultant or expert shall be disclosed only to EXP and not to any other party in the Underlying Litigation; and

4. The disclosure of the identity of the independent consultant or expert to EXP shall not constitute a waiver of the work product privilege.

f. The undersigned seek an Order from this Court based upon the foregoing stipulation. A proposed order, based upon the stipulation, is enclosed herein. Further, the undersigned agree that this Court (the United States District Court for the Northern District of California) will retain continuing jurisdiction over this matter.

Respectfully submitted:

Dated: January 4, 2008

/s/
Paul I. Myers III
Myers, Hawley, Morley, Myers & McDonnell
Attorneys for EXP Pharmaceutical Services, Corp.

Dated: January 4, 2008

/s/
John D. Minton
Latham & Watkins LLP
Attorneys for Michael Zaccaro and Pharma Logistics