LATHAM & WATKINS LLP
  John D. Minton (Bar No. 223823)
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: john.minton@lw.com

Attorneys for Defendant
MICHAEL ZACCARO

MYERS, HAWLEY, MORLEY, MYERS &
MCDONNELL Paul I. Myers III (Bar No. 72067)
166 Main Street
Los Altos, CA 94022
Telephone: (650) 948-1600
Fax: (650) 949-3581
Email: chicolaw@att.net

Attorneys for Third Party Respondent
EXP PHARMACEUTICAL SERVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHARMACEUTICAL INVENTORIES, INC. d/b/a PHARMACEUTICAL RETURNS SERVICE,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL ZACCARO and RETURNS R US INC. d/b/a PHARMA LOGISTICS, LTD.,<br><br>        Defendants. | CASE NO. 07-MC-80231-SBA (MEJ)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.**<br><br>Date:      n/a<br>Time:     n/a<br>Courtroom: B, 15th Floor<br>Judge:    Hon. Maria-Elena James |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

STIPULATION AND [PROPOSED] ORDER REGARDING
DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP
PHARMACEUTICAL SERVICES CORP.

**STIPULATION**

WHEREAS,

On or about July 13, 2007, defendant Michael Zaccaro ("Zaccaro") served a subpoena upon EXP Pharmaceutical Services Corp. ("EXP"), a non-party in the underlying action pending in the United States District Court for the Northern District of Illinois;

WHEREAS,

The subpoena directed EXP to produce certain documents and designate a witness to testify regarding the authenticity of the documents it produced;

WHEREAS,

EXP subsequently complied in part with the subpoena by producing a subset of the documents sought by Zaccaro, but objected to production of certain other relevant documents;

WHEREAS,

The parties met and conferred in an attempt to resolve their dispute regarding production of the remaining documents sought by the subpoena but were unable to do so;

WHEREAS,

On October 1, 2007, Zaccaro moved for an order under Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure seeking to compel EXP to produce the documents at issue and requiring EXP to designate a witness for deposition who could verify that the documents EXP produced are genuine business records of the company;

WHEREAS,

EXP maintained its objection to production of the documents sought by Zaccaro's motion and, on October 16, 2007, filed a brief and supporting evidence in opposition to Zaccaro's motion;

WHEREAS,

Upon the Court's referral of Zaccaro's motion to the Honorable Maria Elena-James, the motion was ordered taken off calendar and the parties were ordered to further meet and confer regarding the motion;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.

1  WHEREAS,

2  The parties met and conferred and reached agreement on a procedure that the parties
3  believe will obviate the need for further motion practice;
4  WHEREAS,
5  Pursuant to the agreement reached by the parties, in lieu of producing the documents
6  sought by Zaccaro in his motion to compel and in satisfaction of the subpoena:
7      1.    EXP will provide to Zaccaro a declaration signed by its Chief Executive Officer,
8  Gus Changaris, that describes the 12 categories of screen prints sought by Zaccaro and indicates
9  how EXP's software system fulfills the general functionality identified in those categories, as
10  applicable. The declaration shall be in substantially the same form as the unsigned declaration
11  provided to counsel for Zaccaro on November 20, 2007;
12      2.    EXP will produce Mr. Changaris for a deposition at which he will testify about
13  the twelve categories of information set forth in his declaration and authenticate and describe the
14  nature of the documents previously produced by EXP;
15      3.    The declaration of Mr. Changaris will be marked "HIGHLY CONFIDENTIAL,
16  ATTORNEY'S EYES ONLY, CONFIDENTIAL INFORMATION OF THIRD PARTY EXP
17  PHARMACEUTICAL SERVICES, CORP." pursuant to a Restricting Order issued in the
18  primary proceeding (Northern District of Illinois);
19      4.    The Restricting Order will apply to EXP with the following modifications:
20      a.    Any party seeking to disclose information that EXP designates "HIGHLY
21  CONFIDENTIAL: ATTORNEYS' EYES ONLY ("EXP's Confidential Information") to an
22  independent consultant or expert is required to disclose to EXP the identity of the independent
23  consultant or expert to whom the information is being disclosed;
24      b.    EXP shall be given a copy of the Restricting Agreement signed by any
25  independent consultant or expert that receives EXP's Confidential Information;
26      c.    The identity of the independent consultant or expert shall be disclosed
27  only to EXP and not to any other party in the Underlying Litigation; and
28      d.    The disclosure of the identity of the independent consultant or expert to

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

2

STIPULATION AND [PROPOSED] ORDER REGARDING
DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP
PHARMACEUTICAL SERVICES CORP.

1  EXP shall not constitute a waiver of the work product privilege.

2  NOW, THEREFORE,

3  The parties hereby STIPULATE that in lieu of producing the documents sought by
4  Zaccaro in his motion to compel and in satisfaction of the subpoena:

5  1. EXP will provide to Zaccaro a declaration signed by its Chief Executive Officer,
6  Gus Changaris, that describes the 12 categories of screen prints sought by Zaccaro and indicates
7  how EXP's software system fulfills the general functionality identified in those categories, as
8  applicable.  The declaration shall be in substantially the same form as the unsigned declaration
9  provided to counsel for Zaccaro on November 20, 2007;

10  2. EXP will produce Mr. Changaris for a deposition at which he will testify about
11  the twelve categories of information set forth in his declaration and authenticate and describe the
12  nature of the documents previously produced by EXP;

13  3. The declaration of Mr. Changaris will be marked "HIGHLY CONFIDENTIAL,
14  ATTORNEY'S EYES ONLY, CONFIDENTIAL INFORMATION OF THIRD PARTY EXP
15  PHARMACEUTICAL SERVICES, CORP." pursuant to a Restricting Order issued in the
16  primary proceeding (Northern District of Illinois);

17  4. The Restricting Order will apply to EXP with the following modifications:

18  a. Any party seeking to disclose information that EXP designates "HIGHLY
19  CONFIDENTIAL: ATTORNEYS' EYES ONLY ("EXP's Confidential Information") to an
20  independent consultant or expert is required to disclose to EXP the identity of the independent
21  consultant or expert to whom the information is being disclosed;

22  b. EXP shall be given a copy of the Restricting Agreement signed by any
23  independent consultant or expert that receives EXP's Confidential Information;

24  c. The identity of the independent consultant or expert shall be disclosed
25  only to EXP and not to any other party in the Underlying Litigation; and

26  d. The disclosure of the identity of the independent consultant or expert to
27  EXP shall not constitute a waiver of the work product privilege.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

STIPULATION AND [PROPOSED] ORDER REGARDING
DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP
PHARMACEUTICAL SERVICES CORP.

| | | |
|---|---|---|
|1| Dated: January 4, 2007 | Respectfully submitted, |
|2| | LATHAM & WATKINS LLP |
|3| | |
|4| | By: _____/s/_____<br>John D. Minton |
|5| | Attorneys for Defendant<br>MICHAEL ZACCARO |
|6| | |
|7| Dated: January 4, 2007 | Respectfully submitted, |
|8| | MYERS, HAWLEY, MORLEY, MYERS & MCDONNELL |
|9| | |
|10| | By: _____/s/_____<br>Paul I. Myers III |
|11| | |
|12| | Attorneys for Third Party Respondent<br>EXP PHARMACEUTICAL SERVICES CORP. |

Filer's Attestation: Pursuant to General Order No. 45, § X(B), I attest that concurrence in the filing of this document has been obtained from its signatory.

Dated: January 4, 2007

_____/s/_____
John D. Minton

### [PROPOSED] ORDER

The Court having considered the parties' stipulation, and good cause appearing, IT IS HEREBY ORDERED that in lieu of producing the documents sought by Zaccaro in his motion to compel and in satisfaction of the subpoena:

1. EXP will provide to Zaccaro a declaration signed by its Chief Executive Officer, Gus Changaris, that describes the 12 categories of screen prints sought by Zaccaro and indicates how EXP's software system fulfills the general functionality identified in those categories, as applicable. The declaration shall be in substantially the same form as the unsigned declaration provided to counsel for Zaccaro on November 20, 2007;

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.

1    2.    EXP will produce Mr. Changaris for a deposition at which he will testify about the twelve categories of information set forth in his declaration and authenticate and describe the nature of the documents previously produced by EXP;

3.    The declaration of Mr. Changaris will be marked "HIGHLY CONFIDENTIAL, ATTORNEY'S EYES ONLY, CONFIDENTIAL INFORMATION OF THIRD PARTY EXP PHARMACEUTICAL SERVICES, CORP." pursuant to a Restricting Order issued in the primary proceeding (Northern District of Illinois);

4.    The Restricting Order will apply to EXP with the following modifications:

   a.    Any party seeking to disclose information that EXP designates "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY ("EXP's Confidential Information") to an independent consultant or expert is required to disclose to EXP the identity of the independent consultant or expert to whom the information is being disclosed;

   b.    EXP shall be given a copy of the Restricting Agreement signed by any independent consultant or expert that receives EXP's Confidential Information;

   c.    The identity of the independent consultant or expert shall be disclosed only to EXP and not to any other party in the Underlying Litigation; and

   d.    The disclosure of the identity of the independent consultant or expert to EXP shall not constitute a waiver of the work product privilege.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 4, 2008



The Honorable Maria-Elena James

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT MICHAEL ZACCARO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY EXP PHARMACEUTICAL SERVICES CORP.